IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ALFRED WAYNE LEE,

 Petitioner,

v.

JOSE M. VASQUEZ, Warden,

 Respondent.

CIVIL ACTION NO.: CV207-019

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Alfred Wayne Lee ("Lee"), an inmate currently incarcerated at the Federal Correctional Institute in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Lee has filed a Response. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Lee was sentenced in the Southern District of Florida to 210 months' imprisonment after being convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Mot. at 3). Lee subsequently appealed, but his conviction and sentence were affirmed. United States v. Lee, 208 F.3d 1306 (11th Cir. 2000). Lee next filed a Rule 12(b)(2) motion in the trial court to dismiss the indictment due to lack of subject matter jurisdiction. (Case No. 1:98cv117, Doc. No. 82; Gov. Exh. A, p. 10). The trial court denied the motion, and the Eleventh Circuit affirmed that

1

denial. (Case No. 1:98cr117, Doc. No. 83, Doc. No. 88; Gov. Exh. A, p. 10). Lee next filed a motion, pursuant to 28 U.S.C. § 2255, in the Southern District of Florida, and that motion was denied as time barred. (Case No. 1:98cr117, Doc. No. 90; Gov. Exh. A, p. 11). Lee then filed a second § 2255 motion in the Southern District of Florida, which was denied as successive. (Case No. 1:98cr117, Doc. No. 92, Doc. No. 93; Gov. Exh. A, p. 11). Lee filed a third §2255 motion in the Southern District of Florida, and it was again denied. (Case No. 1:98cr117, Doc. No. 94, Doc. No. 95; Gov. Exh. A, p. 11). Finally, in November 2006, Lee filed a Rule 60(b) motion in the Southern District of Florida, which was converted by the court to a § 2255 motion and denied as successive, time-barred, and without merit. (Case No. 1:98cr117, Doc. No. 96, Doc. No. 97).

In this § 2241 petition, Lee challenges the constitutionality of his criminal conviction and sentence. Lee contends that the trial court lacked subject matter jurisdiction over his case, and that he should have properly been tried by the state for his offense. (Mot. at 5-16). Lee asserts that because of this alleged unconstitutional conviction and sentence, his current confinement amounts to involuntary servitude in violation of his constitutional rights. (Mot. at 16-26). Respondent asserts that Lee's petition should be dismissed because he has not shown that he is entitled to use § 2255's "savings clause" to proceed under § 2241. (Doc. No. 7, pp. 5-6).

## DISCUSSION AND CITATION TO AUTHORITY

Lee's petition, which clearly attacks the validity of his criminal conviction, is due to be dismissed. Ordinarily, a collateral attack of a federal conviction is filed under 28 U.S.C.A. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a § 2241 petition

attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.A. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). The so-called "savings clause" of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C.A. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis added). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Courts that have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (finding § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (finding § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

1963) (finding § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (finding § 2255 remedy ineffective where sentencing court was abolished). None of these circumstances exist in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244. Thus, a petitioner must present evidence that his claims are based upon a retroactively applicable Supreme Court decision that establishes he was convicted for a nonexistent offense, and that circuit law foreclosed his claim from being brought at the time that it otherwise should have been raised. Lee has failed to satisfy this burden, as he presents no claim that he was convicted of a crime which a retroactively applicable Supreme Court decision has rendered nonexistent.

Lee has failed to establish that § 2255 is an inadequate or ineffective remedy so as to avail himself of § 2255's savings clause. Lee simply cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255,

4

the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). As the court of his conviction has previously informed Lee, before he can file a successive § 2255 motion in a district court, 28 U.S.C.A. § 2244(3)(a) requires that he move the Eleventh Circuit Court of Appeals for an order authorizing the district court to hear the petition.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 7) be **GRANTED**, and that Lee's Petition for Writ of Habeas Corpus (Doc. No. 1) be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _5_ day of June, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)